

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-12-00191-CV

---

DRIVEWAY AUSTIN GP, LLC, APPELLANT

V.

TURBO PARTNERS, LLC, APPELLEE

---

On Appeal from the 53rd District Court
Travis County, Texas
Trial Court No. D-1-GN-10-004293, Honorable Lora J. Livingston, Presiding

---

August 7, 2013

## OPINION

**Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.**

Appellant, Driveway Austin GP, LLC, appeals the entry of summary judgment in favor of appellee, Turbo Partners, LLC, in a declaratory judgment action. We will affirm the judgment of the trial court.

Factual and Procedural Background

In August of 2007, Driveway Austin, LP ("the limited partnership") was created under a limited partnership agreement ("the LP agreement") which defined the rights

and duties of two classes of limited partners and named Driveway Austin GP, LLC ("Driveway"), as the general partner of the limited partnership. The limited partnership was formed to build and operate a fully functioning "road racing and off-road motorsports training and entertainment complex" in East Austin. Under the LP agreement, Class A limited partners provided the capital for the business but were not afforded the power to manage the business, while Class B limited partners provided no capital. The LP agreement expressly provided that the general partner could be removed only by a one hundred percent vote of the Class B limited partners. The LP agreement also provided that, "[e]xcept as herein otherwise expressly provided, this Agreement may be amended . . . only by a written consent of a Majority in Interest of the Limited Partners."

After certain Class A limited partners became dissatisfied with the state of the business, on August 3, 2010, a majority in interest of the Class A limited partners executed an Action by Written Consent of Limited Partners in Lieu of Special Meeting which, *inter alia*, purported to amend the LP agreement's requirement that the general partner could be removed only by a unanimous vote of the Class B limited partners. Rather, under the August 3 amendment, the general partner could be removed by the vote or written consent of a majority in interest of the Class A limited partners. Driveway was notified about the amendments and made some efforts to appease the dissatisfied limited partners.

Despite Driveway's efforts, on November 21, 2010, a majority in interest of the Class A limited partners executed an Action by Written Consent of Limited Partners in Lieu of Special Meeting which purported to amend the LP agreement to remove

Driveway as general partner of the limited partnership and substitute the recently formed Turbo Partners, LLC ("Turbo") as general partner. Driveway was notified of this change, and Turbo filed a certificate of amendment with the Texas Secretary of State to reflect that Turbo was the general partner of the limited partnership. However, when Turbo attempted to assume the position of general partner, Driveway thwarted its efforts.

After being unable to gain physical control of the limited partnership's operations, Turbo filed suit against Driveway seeking declarations that the August 3 and November 21 amendments were valid and that Turbo was, in fact, the general partner of the limited partnership. After discovery, Turbo filed a motion for summary judgment requesting the declarations sought by their suit as well as an award of $20,000 in attorney's fees. Soon thereafter, Driveway filed a motion for summary judgment seeking declarations that the amendments were invalid and that Driveway remained general partner of the limited partnership. In addition, Driveway amended its answer to include a plea to the jurisdiction and affirmative request for the same declarations sought by its summary judgment motion.

After considering the parties' competing motions for summary judgment, the trial court issued an order denying Driveway's plea to the jurisdiction, an order denying Driveway's motion for summary judgment, an order sustaining certain of Turbo's objections to Driveway's summary judgment evidence, and granted final summary judgment in favor of Turbo. The final summary judgment declared that the August 3 and November 21 amendments were authorized under the LP agreement. The final

summary judgment also awarded Turbo $20,000 in attorney's fees. After Driveway's motion for new trial was overruled by operation of law, Driveway appealed.

Driveway presents six issues by its appeal. By its first and second issues, Driveway contends that the trial court erred in granting Turbo's motion for summary judgment and denying Driveway's motion for summary judgment because the LP agreement does not allow the limited partners to amend the LP agreement or remove the general partner by a simple majority. By its third issue, Driveway alternatively contends that the amendment provision of the LP agreement is vague and ambiguous and, therefore, not appropriate for summary judgment. By its fourth issue, Driveway contends that the trial court erred in denying Driveway's plea to the jurisdiction. Driveway's fifth issue contends that the trial court's award of attorney's fees to Turbo was not supported by evidence that it was equitable and just. Finally, by its sixth issue, Driveway contends that the trial court erred in sustaining certain of Turbo's objections to Driveway's summary judgment evidence.

## Issues 1 & 2: Authority to Amend

By its first two issues, Driveway contends that the trial court erred in granting summary judgment because the LP agreement's provision requiring the unanimous vote of the Class B limited partners to remove the general partner cannot be amended by a vote of a simple majority in interest of the Class A limited partners under the LP agreement's general amendment provision. Turbo responds that Driveway misconstrues the amendment provision and that the trial court properly granted

4

summary judgment in favor of Turbo and properly denied Driveway's motion for summary judgment.

When a trial court resolves a declaratory judgment action on competing motions for summary judgment, "we review the propriety of the declaratory judgment under the same standards that we apply in reviewing a summary judgment." Hicks v. Castille, 313 S.W.3d 874, 879 (Tex.App.—Amarillo 2010, pet. denied) (quoting City of Galveston v. Tex. Gen. Land Office, 196 S.W.3d 218, 221 (Tex.App.—Houston [1st Dist.] 2006, pet. denied)). We review a trial court's decision to grant or deny a motion for summary judgment de novo. Id. (citing Tex. Mun. Power Agency v. Pub. Util. Comm'n of Tex., 253 S.W.3d 184, 192 (Tex. 2007)). Although the denial of summary judgment is ordinarily not appealable, we may review such a denial when both parties moved for summary judgment and the trial court granted one and denied the other. Id. When reviewing competing motions for summary judgment, we review the summary judgment evidence presented by each party, determine all questions presented, and render the judgment that the trial court should have rendered. Id. (citing Tex. Mun. Power Agency, 253 S.W.3d at 192). In the present case, each party moved for traditional summary judgment. See TEX. R. CIV. P. 166a(c). Traditional summary judgment is appropriate if the movant has shown that there is no genuine issue of material fact and it is entitled to judgment as a matter of law. See id.; Sw. Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002).

Partnership agreements are construed and interpreted pursuant to the applicable law of contracts. See Park Cities Corp. v. Byrd, 534 S.W.2d 668, 672 (Tex. 1976); Murphy v. Seabarge, Ltd., 868 S.W.2d 929, 933 (Tex.App.—Houston [14th Dist.] 1994,

5

writ denied). "In construing a written contract, the primary concern of the court is to ascertain the true intentions of the parties as expressed in the instrument." <u>Valence Operating Co. v. Dorsett</u>, 164 S.W.3d 656, 662 (Tex. 2005). "To achieve this objective, we must examine and consider the entire writing in an effort to harmonize and give effect to all the provisions of the contract so that none will be rendered meaningless." <u>J.M. Davidson, Inc. v. Webster</u>, 128 S.W.3d 223, 229 (Tex. 2003). "No single provision taken alone will be given controlling effect; rather, all the provisions must be considered with reference to the whole instrument." <u>Id</u>. "Contract terms are given their plain, ordinary, and generally accepted meanings unless the contract itself shows them to be used in a technical or different sense." <u>Valence Operating Co.</u>, 164 S.W.3d at 662. We may neither rewrite the parties' agreement nor add to its language. <u>Am. Mfrs. Mut. Ins. Co. v. Schaefer</u>, 124 S.W.3d 154, 162 (Tex. 2003).

Both parties predicate their motions for summary judgment on differing constructions of two provisions of the LP agreement. Section 9.06 of the LP agreement, in pertinent part, provides:

> 9.06 Amendment of Agreement. A. Except as herein otherwise expressly provided, this Agreement may be amended, supplemented or restated only by a written consent of a Majority in Interest of the Limited Partners . . . .

Section 3.08 of the LP agreement provides:

> 3.08 Removal and withdrawal of General Partner. The General Partner may be removed by the Partners, but only for good cause, at a special meeting of the Partners called for such purpose by the vote-holders of one hundred percent (100%) of the Class B Units.

6

Driveway contends that the unanimous voting requirement of section 3.08 fits within the "[e]xcept as herein otherwise expressly provided" exception to the amendment provision. Turbo contends that nothing in section 3.08 expressly restricts amendment of the unanimous voting requirement by a simple majority in interest.

Neither party has cited any Texas authority directly addressing the proper construction of a contract that allows amendment by majority vote but that requires unanimity for certain actions. Likewise, we have found no Texas authority directly on point. Consequently, we must apply the rules of contract construction to the LP agreement "to ascertain the true intentions of the parties as expressed in the instrument." Valence Operating Co., 164 S.W.3d at 662.

Applying the common rules of grammar to section 9.06, the limiting clause "[e]xcept as herein otherwise expressly provided" applies to the actions of amending, supplementing, or restating the terms of the LP agreement. Stated another way, section 9.06 provides that the LP agreement may be amended, supplemented, or restated by a majority in interest of the limited partners unless the LP agreement otherwise expressly provides a different requirement for amendment, supplementation, or restatement of the LP agreement. The LP agreement does, in fact, expressly provide different requirements for amending the voting rights of the limited partners in distributable cash, cash flow from a terminating capital transaction or profits and losses for tax purposes, or the allocations of same amongst the limited partners. The LP agreement also provides for certain instances in which the general partner can amend the LP agreement without the consent of the limited partners. However, while section 3.08 of the LP agreement provides that the general partner can be removed by the

7

unanimous vote of the Class B limited partners, nothing in that provision or in the LP agreement as a whole expressly provides a different requirement for amendment of section 3.08. Based on the express language of the LP agreement, we believe that it was the intention of the parties to the LP agreement to allow amendment of section 3.08 by the written consent of a majority in interest of the limited partners. See id.

Driveway contends that section 3.08's express provision requiring the unanimous vote of the Class B limited partners to remove the general partner falls within section 9.06's exception. However, application of such a construction to the LP agreement would nullify the amendment portion of section 9.06. Were we to apply Driveway's construction of the restriction on the general amendment provision, the limited partners would be unable to amend any provision of the LP agreement because each provision has been "expressly provided." In other words, nothing in the LP agreement could be amended because such an amendment would alter what the LP agreement has expressly provided. Consequently, Driveway's construction would render the amendment portion of section 9.06 meaningless. See J.M. Davidson, Inc., 128 S.W.3d at 229.

Considering our construction of the LP agreement, the summary judgment evidence presented in this case shows that there is no genuine issue of material fact and that Turbo was entitled to judgment as a matter of law. See TEX. R. CIV. P. 166a(c). The summary judgment evidence establishes that a majority in interest of the limited partners (55.68%) gave written consent to amend section 3.08 to allow for removal of the general partner by the vote or written consent of a majority in interest of the Class A limited partners. Under the terms of the LP agreement, this written consent of a

majority in interest of limited partners was effective to amend section 3.08. As such, we affirm the trial court's declaration that "[t]he limited partners' amendments to the [LP] Agreement through their August 3, 2010 Action by Written Consent were authorized under the terms of the [LP] Agreement." The evidence also establishes that a majority in interest of the limited partners (61.25%) voted to remove Driveway and substitute Turbo as general partner. As such, we affirm the trial court's declaration that "[t]he limited partners' removal and replacement of Driveway . . . with Turbo . . . as general partner of [the limited partnership] through their November 21, 2010 Action by Written Consent was authorized under the terms of the [LP] Agreement." We overrule Driveway's first and second issues.

## Issue 3: Ambiguity

By its third issue, Driveway contends, in the alternative, that the amendment provision of the LP agreement is vague and ambiguous and, therefore, not appropriate for summary judgment.

"A contract is ambiguous when its meaning is uncertain and doubtful or is reasonably susceptible to more than one interpretation." Dynegy Midstream Servs., L.P. v. Apache Corp., 294 S.W.3d 164, 168 (Tex. 2009) (quoting Heritage Res., Inc. v. NationsBank, 939 S.W.2d 118, 121 (Tex. 1996)). Whether a contract is ambiguous is a question of law for the court. Id. A contract is not ambiguous simply because the parties disagree as to its meaning. Id. An unambiguous contract is construed by the court as a matter of law. Id.

9

As discussed above, the salient provisions of the LP agreement are reasonably susceptible to only one interpretation: that, "[e]xcept as herein otherwise expressly provided," the LP agreement could be amended by the written consent of a majority in interest of the limited partners. That Driveway would ascribe a different meaning to the plain language used in the LP agreement does not make the LP agreement ambiguous. See id. We overrule Driveway's third issue.

Issue 4: Plea to the Jurisdiction

By its fourth issue, Driveway contends that the trial court erred in denying Driveway's plea to the jurisdiction. By its plea, Driveway contended that Turbo has no standing to seek declaration of rights under the LP agreement because Turbo was not a party to the LP agreement. However, in its brief, Driveway essentially concedes that, if Turbo is determined to be the general partner of the limited partnership, it has standing to bring this suit. As addressed above, the LP agreement was properly amended, Driveway was properly removed from being general partner, and Turbo was properly substituted under the amended section 3.08 of the LP agreement. Consequently, Turbo is the rightful general partner of the limited partnership.

However, because standing is a necessary component of subject matter jurisdiction, see Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 445 (Tex. 1993), and subject matter jurisdiction cannot be conferred upon a court by consent, see Dubai Petroleum Co. v. Kazi, 12 S.W.3d 71, 76 (Tex. 2000), we cannot simply accept Driveway's concession and must determine whether Turbo has standing to bring the present suit. In making this determination, we apply a de novo standard of review.

10

<u>Antonov v. Walters</u>, 168 S.W.3d 901, 904 (Tex.App.—Fort Worth 2005, pet. denied) (citing <u>Mayhew v. Town of Sunnyvale</u>, 964 S.W.2d 922, 928 (Tex. 1998)).

A plaintiff must have standing to bring a lawsuit. <u>Id</u>. (citing <u>Coastal Liquids Transp., L.P. v. Harris Cnty. Appraisal Dist.</u> 46 S.W.3d 880, 884 (Tex. 2001)). The general test for standing is whether a controversy exists between the parties that will be actually determined by the judicial declaration sought. <u>Tex. Ass'n of Bus.</u>, 852 S.W.2d at 446. A person interested under a written contract may bring an action for declaratory judgment to have determined any question of construction or validity arising under the contract and to obtain a declaration of rights, status, or other legal relations thereunder. <u>See</u> TEX. CIV. PRAC. & REM. CODE ANN. § 37.004(a) (West 2008).

When Turbo filed its petition seeking declaratory relief, a controversy existed regarding whether it or Driveway was the limited partnership's general partner. As indicated in the analysis above, resolution of this controversy turned on construction of the LP agreement. Further, the trial court's declarations that the August 3 amendment and November 21 removal of Driveway and replacement by Turbo as general manager of the limited partnership was authorized under the LP agreement actually determined the rights and status of the parties. As such, we conclude that Turbo has standing to bring the present declaratory judgment action. <u>See</u> <u>Tex. Ass'n of Bus.</u>, 852 S.W.2d at 446. We overrule Driveway's fourth issue.

Issue 5: Attorney's Fees

By its fifth issue, Driveway contends that the trial court erred in awarding Turbo $20,000 in attorney's fees. Driveway's contention is predicated on its claim that such an

award of attorney's fees was not equitable and just. See TEX. CIV. PRAC. & REM. CODE ANN. § 37.009 (West 2008).

Under the Declaratory Judgments Act, a trial court may award reasonable and necessary[1] attorney's fees "as are equitable and just." Id. The decision whether to award attorney's fees is committed to the sound discretion of the trial court. See Bocquet v. Herring, 972 S.W.2d 19, 21 (Tex. 1998). Whether an award of attorney's fees is equitable and just is a question of law. See id. A trial court's award of attorney's fees will not be reversed on appeal absent a clear showing that it abused its discretion. Oake v. Collin Cnty., 692 S.W.2d 454, 455 (Tex. 1985).

Driveway's argument that the trial court's award of attorney's fees was not equitable and just essentially rests on its contention that a majority in interest of the limited partners could not amend the LP agreement to allow removal of Driveway as general partner on less than the unanimous consent of the Class B limited partners. As we have overruled this contention above, we cannot conclude that the trial court's award of attorney's fees was a clear abuse of discretion. We overrule Driveway's fifth issue.

## Issue 6: Evidentiary Rulings

By its sixth issue, Driveway contends that the trial court erred in sustaining Turbo's objections to certain summary judgment evidence. Driveway contends that this evidence is relevant to establish the circumstances surrounding the execution of the LP

---

[1] We note that Driveway's issue does not challenge the reasonableness or necessity of the trial court's award of attorney's fees.

agreement and, as such, should have been considered by the trial court as evidence of the circumstances surrounding the execution of the LP agreement. See Sun Oil Co. v. Madeley, 626 S.W.2d 726, 731 (Tex. 1981).

A trial court's determination of an objection to summary judgment evidence is reviewed for abuse of discretion. Paciwest, Inc. v. Warner Alan Props., LLC, 266 S.W.3d 559, 567 (Tex.App.—Fort Worth 2008, pet. denied). A trial court abuses its discretion if it acts without reference to any guiding rules or principles. Cire v. Cummings, 134 S.W.3d 835, 838-39 (Tex. 2004). To obtain reversal, an appellant must show error that was calculated to cause and probably did cause the rendition of an improper judgment. TEX. R. APP. P. 44.1(a)(1). Ordinarily, harmful error does not occur in the admission or exclusion of evidence unless the appellant shows the case turns on the complained-of evidence. See Doncaster v. Hernaiz, 161 S.W.3d 594, 601 (Tex.App.—San Antonio 2005, no pet.) (mem. op.).

The trial court sustained Turbo's objections to Driveway's summary judgment evidence, specifically investment documents that contained the language of section 3.08 of the LP agreement and deposition testimony establishing that some of the Class A limited partners were attorneys or had attorneys review the LP agreement before signing it. However, as we have discussed above, the LP agreement allowed a majority in interest of the Class A limited partners to amend the LP agreement and nothing in Driveway's excluded summary judgment evidence would alter this conclusion. Therefore, assuming, without deciding, that the trial court erred in sustaining Turbo's objections to this evidence, we fail to see how the exclusion of this evidence probably caused the rendition of an improper judgment. We overrule Driveway's sixth issue.

Conclusion

Having overruled each of Driveway's issues, we affirm the trial court's summary judgment.

Mackey K. Hancock
Justice

Pirtle, J., dissenting.