# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-19-00011-CV

---

**William Dollahite; Interest Partners, LLC.; Driveway Austin GP, LLC f/k/a Driveway Austin, LLC.; and Driveway Austin, L.P., Appellants**

**v.**

**Howry, Breen & Herman, L.L.P., Appellee**

---

**FROM THE 419TH DISTRICT COURT OF TRAVIS COUNTY**
**NO. D-1-GN-17-002967, THE HONORABLE JAMES LEE CARROLL, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Appellants William Dollahite; Interest Partners, LLC.; Driveway Austin GP, LLC f/k/a Driveway Austin, LLC.; and Driveway Austin, L.P. appeal the district court's summary judgment in favor of Appellee Howry, Breen & Herman, L.L.P. (HBH). We will affirm.

## BACKGROUND

Appellants hired the law firm Jackson Walker to draft a limited partnership agreement for them that would allow them to partner with investors to build and operate a road racing and off-road motorsports complex. Dollahite instructed Jackson Walker to draft an agreement to form Driveway Austin, LP, under which Driveway Austin GP would be the general partner and the investors would be limited partners who would be unable to remove Driveway Austin GP as the general partner without unanimous agreement. Jackson Walker drafted the agreement to contain a provision that appeared to effect Dollahite's intent by requiring a

unanimous vote to remove the general partner. However, the agreement also contained a provision that allowed a simple majority of the limited partners to amend the agreement. A few years after the agreement became effective, the limited partners attempted to amend (by simple majority) the provision requiring unanimity to change the general partner, and they later attempted to change the general partner to Turbo Partners, LLC. In 2010, Turbo Partners sued Driveway Austin GP (the Turbo Suit). *See Driveway Austin GP, LLC v. Turbo Partners, LLC*, 409 S.W.3d 197 (Tex. App.—Amarillo 2013, pet. granted, judgm't vacated w.r.m.).

Jackson Walker referred Appellants to Randy Howry, an attorney at HBH, so that HBH could represent Appellants in the Turbo Suit. HBH also represented Appellants in a suit filed against them by Ray B. Powers in 2011 (the Powers Suit). Appellants entered into hourly fee agreements with HBH, under which HBH agreed to represent them in each of these two suits. Both parties agree that at least as early as 2012 or 2013, Howry informed Appellants that he would not represent them in a suit against Jackson Walker. As a result, HBH represented Appellants only in the Turbo and Powers Suits, then invoiced Appellants for those services. Appellants hired another attorney to sue Jackson Walker for its drafting of the agreement. That suit, filed on April 8, 2014, resulted in a settlement.

Appellants did not fully pay HBH's invoices, leaving a total of $198,247.50 in unpaid fees, so HBH sued Appellants in 2017 to recover fees for its services. A year after filing suit, HBH moved for summary judgment. In response, on July 13, 2018, Appellants amended their answer to allege both as a counterclaim and an affirmative defense that HBH breached a fiduciary duty owed to Appellants by failing to disclose Howry's close relationship with attorneys at Jackson Walker and misleading Appellants into refraining from taking action against Jackson Walker. HBH then moved for partial summary judgment on the ground that any claim

2

for breach of fiduciary duty was barred by the four-year statute of limitations. The district court granted both of HBH's motions for summary judgment, resulting in a final judgment that concluded HBH was entitled to recover $198,427.50 and that Appellants' claim for breach of fiduciary duty was time-barred. This appeal followed.

## ANALYSIS

Appellants challenge the summary judgment, alleging that (1) the district court erred in granting summary judgment as to Appellants' counterclaim for breach of fiduciary duty because there is at least a fact issue as to when the cause of action accrued and whether the discovery rule applies and (2) the record does not support granting summary judgment in light of their affirmative defense of breach of fiduciary duty.

We review the district court's summary-judgment ruling de novo. *Beck v. Law Offices of Edwin J. (Ted) Terry, Jr., P.C.*, 284 S.W.3d 416, 425 (Tex. App.—Austin 2009, no pet.) (citing *Joe v. Two Thirty Nine J.V.*, 145 S.W.3d 150, 156-57 (Tex. 2004)). To prevail on its traditional motion for summary judgment, HBH had the burden of proving "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Id.* at 425-46 (citing Tex. R. Civ. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985)). If HBH met this burden, Appellants would have the burden to present to the district court any grounds that would preclude summary judgment. *See id.* at 426 (citing *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979)). Summary judgment is appropriate only when there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. *Id.* (citing *Nixon*, 690 S.W.2d at 548). In deciding whether a disputed fact issue exists to preclude summary judgment, we treat evidence favorable to the

3

non-movant as true, and we must resolve every doubt and indulge all reasonable inferences in the non-movant's favor. *Id.* (citing *Nixon*, 690 S.W.2d at 548-49). When the order granting summary judgment does not specify the ground or grounds relied on for the ruling, summary judgment will be affirmed on appeal if any of the theories advanced are meritorious. *Id.* (citing *State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 380 (Tex. 1993)).

Appellants allege that the district court erred in granting summary judgment as to their counterclaim for breach of fiduciary duty because there is at least a fact issue as to when the cause of action accrued and whether the discovery rule applies. The basis for their claim is that "HBH brought no evidence of when [Appellants] discovered or should have discovered" the injury. Appellants allege that HBH had a conflict of interest in representing Appellants based on Howry's friendships with some attorneys at Jackson Walker and that Howry injured Appellants by failing to tell them they had a claim against Jackson Walker based on its drafting of the agreement. Assuming that the correct cause of action against HBH for this alleged injury is breach of fiduciary duty, the statute of limitations is four years. *See* Tex. Civ. Prac. & Rem. Code § 16.004(5). Appellants raised their breach of fiduciary duty claim for the first time on July 12, 2018. They had sued Jackson Walker for its drafting of the agreement in April 2014 and settled that suit the following month. Thus, the evidence conclusively established that Appellants were aware of their claim against Jackson Walker and HBH's alleged failure to advise them of that claim more than four years before bringing this claim against HBH. As a result, the district court correctly determined that Appellants' counterclaim for breach of fiduciary duty was time-barred as a matter of law.

Appellants also urge that the record does not support granting summary judgment in favor of HBH in light of their affirmative defense of breach of fiduciary duty. If the party

4

opposing a summary judgment relies on an affirmative defense, that party must come forward with summary-judgment evidence sufficient to raise an issue of fact on each element of the defense to avoid summary judgment. *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984). Breach of fiduciary duty requires showing (1) the existence of the fiduciary relationship and (2) a breach of a fiduciary duty by the defendant (3) that causes (4) damages to the plaintiff. *Beck*, 284 S.W.3d at 429. An attorney owes fiduciary duties to a client as a matter of law. *Id.* at 428-29. Therefore, the first element is met. Appellants assert that HBH breached a fiduciary duty by failing to disclose friendships between Howry and several attorneys at Jackson Walker and by further failing to advise Appellants that they had a claim against Jackson Walker for its drafting of the agreement. Assuming that failure to disclose this information constitutes a breach of fiduciary duty, we nonetheless conclude that the evidence did not raise a fact issue regarding causation of damages to the Appellants. HBH's refusal to sue Jackson Walker is the sole basis of Appellants' affirmative defense of breach of fiduciary duty. As previously discussed, the evidence showed that Appellants sued Jackson Walker and recovered a settlement, thereby avoiding any alleged damages that would have resulted from not bringing that action. Appellants do not assert that HBH failed to defend them in the Turbo Suit, which settled after HBH represented Appellants through an appeal, and the Powers Suit, which also settled. In the absence of any evidence or other argument that Appellants suffered damages caused by a breach of fiduciary duty, we conclude Appellants have not shown that their affirmative defense barred the granting of HBH's motion for summary judgment.

## CONCLUSION

Having overruled each of Appellants' issues, we affirm the trial court's summary judgment.

_____

Gisela D. Triana, Justice

Before Justices Goodwin, Baker, and Triana

Affirmed

Filed:   December 11, 2019